IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Charmaine Lott, ) | C/A No. 4:10-840-JFA-TER |
| ) | |
| Plaintiff, ) | |
| v. ) | ORDER |
| ) | |
| Michael J. Astrue, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

The plaintiff, Charmaine Lott, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) and disability insurance benefits (DIB) under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a Report and Recommendation wherein he suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff has filed timely objections to the Report which the court will address herein.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

1

STANDARD OF REVIEW

The role of the federal judiciary in the administrative scheme established by the Social Security Act is narrowly tailored to determining whether the findings are supported by substantial evidence and whether the correct law was applied. *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002). Section 205(g) of the Act provides, "[t]he findings of the Commissioner of Social Security, as to any fact, if supported by substantial evidence, shall be conclusive. . ." 42 U.S.C. § 405(g). The phrase "substantial evidence" is defined as:

> evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is 'substantial evidence.'

*Shively v. Heckler*, 739 F.2d 987, 989 (4th Cir.1984) (*quoting Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). In assessing whether there is substantial evidence, the reviewing court should not undertake to re-weigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the agency. *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001).

The Commissioner is charged with determining the existence of a disability. The Social Security Act, 42 U.S.C. §§ 301–1399, defines "disability" as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 423(d)(1)(A) (2004).

This determination of a claimant's disability status involves the following five-step inquiry: whether (1) the claimant is engaged in substantial activity; (2) the claimant has a medical impairment, or combination of impairments, that are severe; (3) the claimant's medical impairment meets or exceeds the severity of one of the impairments listed in Appendix I of 20 C.F.R. Part 404, subpart P; (4) the claimant can perform his or her past relevant work; and (5) the claimant can perform other specified types of work. *Johnson v. Barnhart*, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (*citing* 20 C.F.R. § 404.1520(a)(4)(i)–(v) (2005)).

If the claimant fails to establish any of the first four steps, review does not proceed to the next step. *Hunter v. Sullivan*, 993 F.2d 31, 35 (4th Cir. 1993). The burden of production and proof remains with the claimant through the fourth step. However, if the claimant successfully reaches step five, then the burden shifts to the Commissioner to provide evidence of a significant number of jobs in the national economy that a claimant could perform. This determination requires a consideration of whether the claimant is able to perform other work considering both his remaining physical and mental capacities (defined as residual functional capacity) and his vocational capabilities (age, education, and past work experience) to adjust to a new job. *Hall v. Harris*, 658 F.2d 260, 264-65 (4th Cir. 1981). If the claimant is found to have the ability to adjust to other work, the Commissioner will not find him disabled. 20 C.F.R. § 404.1520(g)(2).

PROCEDURAL HISTORY

The facts are fully set forth in the decision of the ALJ and the administrative record, summarized as follows. The plaintiff alleges disability as of March 17, 2006, due to

3

fibromyalgia, osteoarthritis, and depression. The plaintiff was 48 years old at the time of the hearing before the ALJ. She has a GED and past relevant work experience as a cashier/stocker, clerical worker, waitress, sales associate, and administrative assistant, and in collections and customer service.

The plaintiff's applications for DIB and SSI, filed November 8, 2004, were denied initially and upon reconsideration. The ALJ held a hearing and later issued a decision on September 17, 2008, finding that the plaintiff was not disabled. The Appeals Council denied plaintiff's request for a review, thereby making the ALJ's decision final for purposes of judicial review. Plaintiff filed this action on April 5, 2010, seeking judicial review of the Commissioner's final decision.[2]

*The ALJ's Findings*

Applying the five step sequential evaluation mandated by the Commissioner's regulations for determining disability, *see* 20 C.F.R. § 404.1520(a)(4), the ALJ found at the first three steps that plaintiff had not performed substantial gainful activity since the alleged disability onset date; had severe impairments of depression, anxiety, fibromyalgia, carpal tunnel syndrome, morbid obesity, and osteoarthritis in the hip; and did not have an impairment or combination of impairments that was presumptively disabling under the Commissioner's regulations. The ALJ evaluated plaintiff's subjective complaints and found they were not fully credible in light of the evidence as a whole. He also considered the medical opinions of record, and ultimately determined that plaintiff had the residual functional (RFC) capacity to perform light, simple, one or two step task work with frequent

---

[2] In her hearings before the ALJ, the plaintiff was represented by Attorney Carole Dennison. On appeal, the plaintiff is represented by Attorneys Paul McChesney and Danny Mayes.

climbing, balancing, stooping, kneeling, crouching, and crawling and avoidance of workplace hazards. At step four of the evaluation process, the ALJ found that plaintiff's RFC did not prevent her from performing her past relevant work as a cashier II and that the plaintiff was not under a disability.

*The Plaintiff's Claims of Error*

In this suit for judicial review, the plaintiff contends that the ALJ erred by:

(1)     failing to perform the analysis of the treating and evaluation physician opinions required by 20 C.F.R. § § 404.1527(d) (1)–(6), SSR 96-2p, and SSR 96-5p; and

(2)     failing to correctly assess the plaintiff's credibility and subjective allegations of pain.

*The Magistrate Judge's Report and Recommendation*

The Magistrate Judge finds that the Commissioner's decision is based upon substantial evidence and free of legal error and that the decision should be affirmed. For the reasons stated below, the court adopts the Magistrate Judge's recommendation and affirms the Commissioner's decision.

DISCUSSION

Although this court may make a de novo review of the Magistrate Judge's recommendation and specific objections thereto, this court's judicial review of the Commissioner's final decision is limited to considering whether the Commissioner's decision is supported by substantial evidence and whether the conclusions in the decision are legally correct under controlling law.

*Treating Physician's Opinions*

*Dr. Childers*

The plaintiff contends that the ALJ did not perform the proper analysis of the opinions of two of her treating medical providers, Drs. Childers and Salmon. Specifically, the plaintiff argues that if the ALJ accepted that she had the condition of fibromyalgia, then generally the ALJ would be expected to rely on the doctor's statements regarding the functional impact of the condition because fibromyalgia often eludes a determinable or objective degree of impairment.

As to Dr. Childers, the plaintiff argues that the ALJ rejects the diagnosis of fibromyalgia after explicitly accepting that the plaintiff's condition was a severe impairment. The ALJ gave little weight to Dr. Childer's opinions finding that they were not supported by his progress notes, laboratory testing or by the longitudinal medical record. Dr. Childers had noted that in regard to findings and lab tests which would support the diagnosis of fibromyalgia, that fibromyalgia is "difficult to prove or disprove by testing."

With regard to Dr. Childer's opinion on the plaintiff's depression and post traumatic stress disorder (PTSD), Dr. Childers referred to Dr. Salmon's evaluation thereby relying on the one-time consultive examination to support his conclusion with regard to the plaintiff's depression/PTSD. The ALJ also remarked that Dr. Childer's treatment notes do not support his opinion that the plaintiff had limitations or was unable to work due to her fibromyalgia.

As the Magistrate Judge notes, the ALJ's decision to discount Dr. Childer's opinion was based in part on the conflict between his opinions and his treatment notes which were void of discussions of debilitating symptoms or findings of work limitations or inability to

work. Moreover, the ALJ found that the other medical records were not supportive of Dr. Childer's opinions (referring to the suggestions of other doctors that plaintiff should exercise and that she was generally doing well). Finally, the ALJ discounted Dr. Childer's opinion because it was in part based on the plaintiff's subjective complaints and not Dr. Childer's clinical findings.

As the Magistrate Judge suggests, a finding that a condition is a severe impairment does not automatically mean that it is disabling. The Magistrate Judge finds that the ALJ appropriately considered when the plaintiff was diagnosed with the condition and the medical records and that the ALJ's decision is not inconsistent and is supported by substantial evidence. This court agrees with the Magistrate Judge's findings.

### *Dr. Salmon*

With regard to Dr. Salmon's opinion, the ALJ found that the plaintiff did not meet paragraphs B and C of the Listing criteria with regard to mental impairments. The ALJ did not assign any weight to his one-time consultative psychological examination finding that it was "internally inconsistent and completely incongruent with the objective evidence and the longitudinal record," and that much of the opinion was based on the plaintiff's contradicted self statements.

The ALJ did give significant weight to the opinions of the state agency medical consultants who determined that plaintiff's mental impairments were not severe because they resulted in mild restriction of activities of daily living; mild difficulties in maintaining social functioning; no difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation.

The Magistrate Judge opines that the ALJ considered the medical opinion evidence and objective evidence in the record and provided reasons for the weight given to those opinions, thus the ALJ did not err in his treatment of Dr. Salmon's opinions. This court agrees with the Magistrate Judge's conclusion.

*The Plaintiff's Objections to the Magistrate Judge's Report*

In its brief before the Magistrate Judge, the Commissioner argues that the plaintiff is asking the court to re-weigh the evidence already considered and weighed by the ALJ and draw a different conclusion from that of the ALJ, which this court cannot do.[3] The Commissioner's reply to the plaintiff's objections is void of any argument except that the plaintiff raised the same arguments in her memorandum of law.

The plaintiff's objections are that the Magistrate Judge erred in his interpretation that the ALJ's intentions are not supported by the evidence and contends that the Magistrate Judge "made a clear factual error in finding that the ALJ found fibromyalgia to be a severe impairment."

The plaintiff's projection of error on the Magistrate Judge's recommendation is essentially the same argument the plaintiff makes in her brief with regards to the ALJ's decision: The plaintiff submits that the ALJ is attempting to have it both ways in his administrative decision—suggesting on one hand that in agreement with the treating physicians that the plaintiff, at least at some point, had fibromyalgia as a severe impairment,

---

[3] Even if the court disagrees with the ALJ's findings, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel,* 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). "Ultimately, it is the duty of the [ALJ] reviewing the case, and not the responsibility of the courts, to make findings of fact and to resolve conflicts in the evidence." *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990).

but arguing in the decision that the medical evidence did not actually meet the criteria to establish this as a condition that the plaintiff suffered from. Thus, the plaintiff contends that the result of this confusing rationale is that the ALJ's decision is not properly reviewable by the court.

In her objections, the plaintiff suggests the ALJ's decision contained a lack of clarity and that what the ALJ intended to find is critical to a determination as to whether his rationale is supported by substantial evidence. The plaintiff further suggests that where the ALJ makes inconsistent findings on critical evidentiary matters, a remand is required. Specifically, the plaintiff submits that the court should instruct the ALJ that the extent to which the condition is clinically proven is irrelevant once the condition is established as a medically determinable impairment.

The plaintiff argues that the ALJ's failure to acknowledge the evidence demonstrating that Lott continued to be treated for mental impairments from 2002 to 2007 demonstrates that the ALJ was selectively considering or cherry picking the evidence. Further, the ALJ argues that the ALJ tried to play the role of medical expert and independently re-diagnose the plaintiff's psychological status.

Finally, the plaintiff argues that the Magistrate Judge's analysis is marred by the same problems previously cited by the plaintiff, that is, the dismissal of Dr. Salmon's opinion, was built upon a very shaky logical foundation.

On page 28 of the Transcript (p. 17 of the ALJ's opinion), the ALJ notes the following:

> I specifically find that the plaintiff's subjective complaints regarding discomfort are not credible in establishing pain of a "disabling" nature as the record does not reveal any frequent, radicular, severely intense pain of such a disabling nature. Nor does the record indicate that the performance of sustained light work activities would either precipitate or aggravate pain to a "disabling" degree. The claimant reported her current medications included Ultracet and Flexeril. There is no evidence that these medications have been less than effective in at least partially alleviating the claimant's pain. No non-medicative treatment for pain relief has been alleged. The medicative and treatment history of record does not persuade me that the claimant is unable to engage in light exertional activity because of pain. After considering the claimant's subjective complaints in view of the preceding law, *I do not find any medical condition which could reasonably be expected to cause the claimant "disabling" pain.*

*Id.* (emphasis added).

The plaintiff's core argument (and resulting objection to the Magistrate Judge's Report) is that the ALJ's finding while assessing the plaintiff's credibility that "Lott did not establish a condition that could reasonably be expected to produce the alleged symptoms" is directly contradicted by his own findings that the plaintiff had fibromyalgia, osteoarthritis, and carpal tunnel syndrome as severe medically determinable impairments.

The issue this court must review is whether the ALJ performed an adequate analysis of the step 2 analysis of credibility. The Magistrate Judge suggests that the ALJ did perform a proper analysis. First, the ALJ determined that the plaintiff's medical impairments of depression, anxiety, fibromyalgia, carpal tunnel syndrome, morbid obesity, and osteoarthritis in the hip were severe and could reasonably be expected to produce the actual pain...in the amount and degree, alleged by the claimant. Then, at step 2, the ALJ considered all the evidence in the record, including any statements by the individual and other persons concerning the individual's symptoms." 20 CFR § 416.929(c)(1) and (c)(2).

10

SSE 90-1p and *Hines v. Barnhart*, 453 F.3d 559, 565 (4th Cir. 2006) provide a two-step process. In *Hines*, the Fourth Circuit found that the ALJ erred in concluding that the plaintiff's testimony was inconsistent with his daily activities. The Fourth Circuit noted that the ALJ selectively cited evidence of daily activities that the plaintiff was able to perform. *Id*. at 565-66.

Here, however, the ALJ did not selectively cite evidence as the plaintiff asserts. The ALJ properly considered inconsistencies between the plaintiff's testimony and other evidence of record in evaluating the credibility of her subjective complaints, and substantial evidence supports the ALJ's finding that the plaintiff was not entirely credible.

The plaintiff contends that "SSR 99-2p suggests the primary evidence to resolve the problem of allegations not fully supported by objective evidence is the opinion of the treating physicians," but here the ALJ dismissed the treating physicians' opinions because there was no objective evidence supporting them. SSR 99-2p provides guidance in terms of assessing credibility in chronic fatigue syndrome and fibromyalgia cases, and states the following:

> Assessing Credibility. In accordance with SSR 96-7p, if the existence of a medically determinable impairment that could reasonably be expected to produce the symptoms has been established, as outlined above, but an individual's statements about the intensity, persistence, or functionally limiting effects of symptoms are not substantiated by objective medical evidence, the adjudicator must consider all of the evidence in the case record, including any statements by the individual and other persons concerning the individual's symptoms. The adjudicator must then make a finding on the credibility of the individual's statements about symptoms and their functional effects. When additional information is needed to assess the credibility of the individual's statements about symptoms and their effects, the adjudicator must make every reasonable effort to obtain available information that could shed light on the credibility of the individual's statements.

As the Magistrate Judge notes in his Report, although the plaintiff has been diagnosed

11

with fibromyalgia, osteoarthritis, and carpal tunnel syndrome, the record does not contain significant evidence in the form of clinical testing, analysis and consistent medical treatment, as required by SSR 99-2p, that her conditions are as disabling as she alleges regarding her vague complaints of pain and fatigue. The Magistrate Judge made the following conclusions in his Report:

> Upon a thorough review of the record as a whole, the [Magistrate Judge] finds that the ALJ did not err in his analysis in determining the credibility of the plaintiff's subjective complaints. In determining that the plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely credible, the ALJ considered the plaintiff's subjective complaints in conjunction with the medical evidence and the other evidence of record. Accordingly, the plaintiff has failed to demonstrate that the ALJ erred in finding that the plaintiff's subjective complaints are inconsistent with the record.

Report at 24.

In her brief, and again in her objections to the Report, the plaintiff makes the following argument:

> The problem with the analysis is that it must be known whether the ALJ accepted that the medical evidence supported a finding that she had the condition, or whether he intended to find the medical evidence did not support such a finding. If the ALJ accepted that she had the condition, generally the ALJ would be expected to rely on the doctor's statements regarding the functional impact of the condition, because it is not a condition amenable to a determination of degree of impairment based on clinical findings. The ALJ decision contradicts itself in the findings regarding fibromyalgia. It is found to be a determinable severe impairment, but then the *ALJ appears to argue* in the body of the decision that the evidence does not support the medical diagnoses of fibromyalgia.

(Pl. Br. at 17) (emphasis added).

*RFC and Credibility*

The ALJ determined that the plaintiff's impairments could reasonably be expected to

12

cause the plaintiff's alleged symptoms, but that her claims as to the intensity, persistence, and limiting effects of these symptoms were not credible. The plaintiff contends that this finding is directly contradicted by the ALJ's finding that the plaintiff had the severe impairments of fibromyalgia, osteoarthritis and carpal tunnel syndrome.

Here, the ALJ articulated specific and adequate reasons for discrediting plaintiff's testimony which reasons were supported by the evidence in the case record and sufficiently specific. The ALJ found that the plaintiff's statements were inconsistent with her prior statements in the medical record, the medical evidence in the record itself, and her allegations of limitations.

The Magistrate Judge concludes, and this court agrees, that the ALJ did not err in his analysis in determining the credibility of the plaintiff's subjective complaints. Moreover, the Magistrate Judge did not err in his analysis either.

CONCLUSION

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this court finds the Report is proper and is incorporated herein by reference. Accordingly, the Commissioner's decision is affirmed.

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

September 20, 2011
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge

14